UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT A. BOLDEN, | ) | CASE NO. 1:05 CV 1600 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DUANE A. HONEYCUTT, et al., | ) | AND ORDER |
| Defendants. | ) | |

On June 13, 2005, plaintiff pro se Robert A. Bolden filed this in forma pauperis action against Duane A. Honeycutt and the Cleveland Regional Office of Veterans. For the reasons stated below, this action must be dismissed.

The complaint alleges plaintiff has not received service connected benefits to which he is entitled for diabetes he has had since 1983. Plaintiff believes he should have been granted 100% service connected disability benefits, rather than 20%.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Even liberally construed, the complaint does not contain a claim over which this court has jurisdiction.  Under the Veteran Judicial Review Act of 1988, the matters raised by Mr. Bolden may only be adjudicated by the appropriate administrative agencies, the Court of Veterans Appeals, and the Court of Appeals for the Federal Circuit.  See Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997).

Accordingly, this action is dismissed under section § 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Dan Aaron Polster 8/9/05
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).